UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-61672-CIV-COHN/SELTZER

RACHEL DESROULEAUX,

    Plaintiff,

    v.

QUEST DIAGNOSTICS, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE TO FILING OF AN AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss, or in the Alternative, Motion for a More Definitive Statement [DE 10]. The Court has carefully considered the motion, response [DE 18] and reply [DE 20], and is otherwise fully advised in the premises. The motion became ripe on December 18, 2009.

### I. BACKGROUND

Plaintiff Rachel Desrouleaux ("Plaintiff") filed this action against her former employer, Defendant Quest Diagnostics Incorporated ("Quest" or "Defendant"), for race discrimination pursuant to 42 U.S.C. § 1981 and for failure to pay overtime under the Fair Labor Standards Act ("FSLA"). In particular, Count I of the Amended Complaint[1] alleges race discrimination under Section 1981; Count II alleges retaliation under Section 1981, and Count III alleges the failure to pay overtime pursuant to the FLSA. Plaintiff was employed by Defendant as a Senior Auditor for an unstated period of time and was terminated on June 19, 2009. Plaintiff alleges without specificity that she was

---

[1] The first document filed in this case is labeled "Amended Complaint." The Court will instead refer to it as the "Complaint."

subjected to continuous discrimination, including her termination, because of her race. Plaintiff also alleges that she was subjected to a hostile work environment, based upon the "actions and language of Defendant and their agents."

Defendant moves to dismiss the Complaint for failure to state a claim, or for a more definite statement. Plaintiff opposes the motion.

## II. DISCUSSION

Defendant argues that Plaintiff has failed to plead the facts underlying her claims with sufficient specificity to survive a motion to dismiss. Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). Plaintiff in this action continues to cite to Conley. However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty.

Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

These decisions did not necessarily overturn Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 511 (2002), which concluded that a Title VII plaintiff need not plead the elements of a prima facie case to survive a motion to dismiss.  However, because Swierkiewicz relied upon Conley, some courts have held that Swierkiewicz is no longer good law.  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3rd Cir. 2009).  Because neither Twombly nor Iqbal involved Title VII or Section 1981 claims, this Court will continue to follow Swierkiewicz in the employment discrimination context.[2]

Even under more the lenient standard in Swierkiewicz, the Complaint in this case is still lacking sufficient factual allegations.  The Supreme Court stated that:

> Petitioner alleged that he had been terminated on account of his national origin in violation of Title VII and on account of his age in violation of the ADEA. App. 28. His complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination.

Swierkiewicz, 534 U.S. at 514.  Although Plaintiff states that she is a Black female of Haitian origin and that she was terminated on account of her race on June 19, 2009, and subjected to a hostile environment, there are no other dates alleged, such as dates

---

[2] Where Section 1981 is used as a parallel remedy for race discrimination which violates the equal protection clause of the Fourteenth Amendment, the elements of such a claim are the same as the elements of a Title VII action. See Turnes v. AmSouth, N.A., 36 F.3d 1057, 1060 (11th Cir. 1994).

of employment or a range of dates for allegedly discriminatory acts, whether in support of a disparate treatment claim, hostile environment claim, or retaliation claim.

While the Court does not agree with Defendant that a plaintiff must allege all elements of a 1981 claim, it is clear that Count I of the Complaint is vague as to whether the claim includes a disparate treatment claim on account of race, a disparate treatment claim on account of national origin, and/or hostile work environment claims.  The Complaint therefore violates the one-claim-per-count rule.  See Rule 10(b), Fed. R. Civ. P.; Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366-67 (11th Cir. 1996).

### III.  CONCLUSION

Although the Court is dismissing the complaint without prejudice, the Court does grant Plaintiff leave to amend to cure the pleading deficiencies described above.  The new Amended Complaint must contain only one claim per count, meaning that if Plaintiff is pursuing disparate treatment claim on account of race, a disparate treatment claim on account of national origin, and/or hostile work environment claims, each claim must be in a separate count, with the additional allegations required by Swierkiewicz.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, or in the Alternative, Motion for a More Definitive Statement  [DE 10] is hereby **GRANTED**;
2. The Complaint is hereby **DISMISSED, without prejudice**;
3. Plaintiff shall file an Amended Complaint by January 8, 2009;
4. Failure to file an Amended Complaint by that date shall result in the closing of

this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 29th day of December, 2009.

*James I. Cohn*
JAMES I. COHN
United States District Judge

cc: All parties and counsel of record