UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-61672-CIV-COHN/SELTZER

RACHEL DESROULEAUX,

    Plaintiff,

v.

QUEST DIAGNOSTICS, INC.,

    Defendant.
_____/

**ORDER GRANTING IN PART MOTION TO DISMISS**
**ORDER DISMISSING COUNTS I AND II WITH PREJUDICE**
**ORDER DENYING MOTION TO DISMISS COUNT III**

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [DE 23]. The Court has carefully considered the motion, response [DE 26] and reply [DE 27], and is otherwise fully advised in the premises.

I.  BACKGROUND

Plaintiff Rachel Desrouleaux ("Plaintiff") filed this action against her former employer, Defendant Quest Diagnostics Incorporated ("Quest" or "Defendant"), for race discrimination pursuant to 42 U.S.C. § 1981 and for failure to pay overtime under the Fair Labor Standards Act ("FLSA"). In particular, Count I of the First Amended Complaint alleges race discrimination under Section 1981, Count II alleges retaliation under Section 1981, and Count III alleges the failure to pay overtime pursuant to the FLSA [DE 22]. These claims are the same as those alleged in Plaintiff's original Complaint [DE 1].

The Court previously granted Defendant's motion to dismiss the original complaint [DE 21]. The Court stated that Plaintiff had not sufficiently plead a § 1981 claim under Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 511 (2002), which the Court believed still stated the pleading standard for Title VII and analogous § 1981 claims,[1] even after Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). The original motion to dismiss was based upon the conclusory allegations of the original Complaint, the violation of the one-claim-per-count rule[2] and Plaintiff's reliance on the outdated Conley v. Gibson standard. 355 U.S. 41, 45-46 (1957).

The Court further stated that Plaintiff had failed to meet the Swierkiewicz standard:

> Although Plaintiff states that she is a Black female of Haitian origin and that she was terminated on account of her race on June 19, 2009, and subjected to a hostile environment, there are no other dates alleged, such as dates of employment or a range of dates for allegedly discriminatory acts, whether in support of a disparate treatment claim, hostile environment claim, or retaliation claim.

The Court granted Plaintiff leave to amend the Complaint.

Plaintiff filed a First Amended Complaint which added five one-sentence paragraphs as a new "Background" section (¶¶13-17), without changing any of the

---

[1] Where Section 1981 is used as a parallel remedy for race discrimination which violates the equal protection clause of the Fourteenth Amendment, the elements of such a claim are the same as the elements of a Title VII action. Turnes v. AmSouth, N.A., 36 F.3d 1057, 1060 (11th Cir. 1994).

[2] Plaintiff merged claims of disparate treatment race discrimination and hostile work environment race discrimination, along with apparent claims for national origin discrimination.

2

following 37 paragraphs except for the addition of a one page listing of "Travelling Times" in the FLSA claim between ¶ 50 and ¶ 51 [DE 22].  The new allegations added Plaintiff's dates of employment as a Senior Auditor and identified Natasha Volz as the Manager who allegedly subjected her to race discrimination.  Plaintiff alleged that her work assignments received "unjustified scrutiny" compared with unnamed non-black similarly situated Auditors, and that between April 2009 and June 2009, Ms. Volz engaged in misrepresentations and placed false and fabricated information in Plaintiff's employment reviews.  Finally, Plaintiff alleges that she complained to the Vice President of Audit about Volz's discrimination.

## II.  DISCUSSION

Defendant argues that Plaintiff has failed to follow the Court's instructions to cure the pleading deficiencies and continues to fail to plead facts with sufficient specificity to survive a motion to dismiss under Twombly and Iqbal.  In response, Plaintiff's counsel incredibly continues to rely upon to Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In fact, Plaintiff's response to the Defendant's Motion to Dismiss the Amended Complaint is almost an exact "cut and paste" from its response to the initial Motion to Dismiss, with no additional analysis, despite the Court pointing out that a different standard applied.  Compare docket entries 26 and 18.

As this Court stated in its December 29, 2009 Order, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.

3

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  In Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

### A.  Section 1981 Claims

Though the additional allegations in the First Amended Complaint include the dates of Plaintiff's employment and a range of dates for the allegedly discriminatory acts, the facts alleged only describe "unjustified scrutiny" of Plaintiff's work and false information placed in her performance reviews.  First Amended Compl., ¶¶ 15-16.  The Amended Complaint still relies on conclusory allegations as to what constituted the alleged "severe and pervasive racial discrimination by Defendant's agents" that forms the basis of Count I.  Id., ¶ 26.

Plaintiff also ignored the Court's instruction regarding the one-claim-per-count-rule.  See Rule 10(b), Fed. R. Civ. P.; Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366-67 (11th Cir. 1996).  Count I of the First Amended Complaint continues to be vague as to whether the claim includes a disparate treatment claim and/or a hostile work environment claim on account of race.  References to both types of claims are contained within Count I.  Thus, the Amended Complaint still violates Rule 10(b).

Turning to Count II, the retaliation claim under § 1981, this claim also continues to be based upon conclusory allegations.  The crux of the retaliation claim is the allegation that the termination was "in retaliation for Plaintiff's opposition to unlawful employment practices based on race and national origin as more particularly described above."  Amended Compl., ¶ 46.  As described above in this Order, Plaintiff never describes the alleged unlawful practices except as conclusory allegations.  Therefore, Count II must be dismissed as well.

### B.  FLSA Claim

Defendants seek to dismiss Plaintiff's FLSA overtime compensation claim because her position as a "Senior Auditor" is a job that generally meets the requirements under the administrative exemption to the overtime provisions of the FLSA.  Plaintiff opposes the motion, stating that she has alleged that it is the failure to pay overtime for various periods of required travel, and has now listed those trips with dates in the Amended Complaint.  See ¶ 50.

Defendant relies upon an unpublished decision by Judge Moody of the Middle District of Florida, Copley v. Florida Physicians Ins. Co., 2008 WL 544875 (M.D. Fla. Feb. 26, 2008), wherein Judge Moody granted a motion to dismiss an FLSA claim because the complaint did not allege why plaintiff, an insurance claims adjuster, should not be classified as an administrative employee exempt from the FLSA.  The critical distinction between Copley and the case at bar is that Copley involved a *specific* regulation explaining that insurance claims adjustors generally meet the requirements for the administrative exemption.  29 C.F.R. § 541.203(a).  In the present case, there is no specific regulation governing "senior auditors."  Defendant cites to a regulation

5

regarding an employee who "leads a team of other employees assigned to complete major projects." 29 C.F.R. § 541.203©.  An example given is "a lead auditor who oversees an audit team in an auditing agency and who is assigned responsibility for leading a major audit requiring the use of substantial agency resources."  5 C.F.R. § 551.206(I).  The fact that Plaintiff is a "Senior Auditor" does not imply that she is a lead auditor who oversees an audit team in an auditing agency in such a way as to require a plaintiff to allege facts in her complaint that she does not meet that exemption.  Rather, this is an issue that a defendant can raise on a motion for summary judgment, rather than a motion to dismiss.

### III.  CONCLUSION

The Court concludes that Counts I and II of Plaintiff's First Amended Complaint should be dismissed for failure to state a claim and for failure to comply with this Court's instructions on amending the complaint.  Because Plaintiff had previously brought similar claims in this Court, the dismissal is with prejudice.  The Court, in its discretion, declines to give Plaintiff, who is represented by counsel, another opportunity to amend the complaint.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).  However, the motion to dismiss is denied as to Count III, the FLSA claim.

In its reply, Defendant requests sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927 because of his repeated attempt to rely on outdated case law regarding the motion to dismiss standard.  The Court declines to grant sanctions against Mr. Georges-Pierre because he did make some small amendments to the Complaint.

However, the continued reliance on Conley v. Gibson is troublesome and must be avoided in his future practice.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [DE 23] is hereby **GRANTED in part** as to Counts I and II, and **DENIED** as to Count III;

2. Counts I and II are hereby **DISMISSED, with prejudice**;

3. Defendant's request for sanctions is denied;

4. Defendant shall file an Answer to Count III by April 30, 2010.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 20th day of April, 2010.

JAMES I. COHN
United States District Judge

cc: All counsel of record on CM/ECF